Dear Mr. English:
Your request for an Attorney General's opinion was forwarded to me for research and reply. In particular, you asked whether a police department can enact a policy whereby discretion can be granted to a patrol officer in enforcing traffic speeds above the posted speed in a given speed zone? In your request, you explained that such a policy would be implemented for circumstances wherein an officer would not be required to enforce slight speeding infractions based on a driver's variable accelerations above the posted speed limit.
Pursuant to Louisiana Revised Statute 32:41, a municipality has general police power to adopt certain ordinances relating to traffic as long as the regulations do not modify, or conflict with the provisions of the Louisiana Highway Regulatory Act.
Specifically, LSA-R.S. 32:41(A)(9) and (13) provides that:
 A. Except as otherwise provided by law, this Chapter shall not be deemed to prevent local municipal authorities, with respect to highways other than state maintained highways within their corporate limits, from adopting ordinances:
 (9) Establishing speed limits and speed zones, provided that no speed shall be permitted which is in excess of the specific maximum speed limits established by this Chapter.
 (13) Creating additional regulations controlling traffic upon non-state maintained highways within their corporate limits under their general police power so long as such regulations do not modify, or conflict with, the provisions of this Chapter or regulations of the department and the commissioner adopted pursuant hereto.
 Under LSA-R.S. 32:41, local municipal authorities are given authority to adopt ordinances controlling traffic speeds on highways within their corporate limits as long as the speed limits do not exceed those already mandated by state law. If such speed limits are established or modified within the corporate limits, the amendment must be implemented by way of ordinance and not by a policy put in place by the chief of police.
In La. Atty. Gen. Op. No. 97-470 (see enclosed), our office addressed a similar issue of whether the chief of police had authority to set quotas for the amount of traffic tickets issued within a certain period of time. In that opinion we cited,Lentini v. City of Kenner, 211 So.2d 311 (La. 1968) and Cogswellv. Town of Logansport, 321 So.2d 774 (La.App. 2 Cir. 1975), for the proposition that the chief of police is charged with the general responsibility for law enforcement, including the obligation of enforcing municipal ordinances and applicable state laws. There we concluded that the chief of police had authority to set quotas for the amount of traffic tickets issued as part of his power to control the enforcement of state laws and municipal ordinances under LSA-R.S. 33:423. There is no state law or prohibition on the amount of tickets that may be issued by a particular municipality. Distinguishably, the issue here involves the modification of traffic speeds already mandated by state law and a procedure for such modification. Thus, implementing or formulating a policy granting police officers' discretion in enforcing traffic speeds above the posted speed in a given speed zone is in direct conflict with the provisions set forth inLSA-R.S. 32:41 of the Louisiana Highway Regulatory Act.
In addressing your other concerns, we regret to inform you that our research did not reveal an opinion specifically acknowledging a small municipalities' need to enforce speed or other traffic zones as a necessary source of revenue, nor did we find a reported decision for the case you mentioned, Steelman v. Jordan.
We hope the foregoing opinion has sufficiently addressed your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: ____________________________
 CHARLENE PATTERSON ASSISTANT ATTORNEY GENERAL